CV 14                    7175

UNITED STATES DISTRICT COURT:
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CHEN, J.

TIMUR NARMETOV,

                    Plaintiff(s),

Plaintiff Demands
Trial by Jury

**COMPLAINT**

Civil Action

2014 DEC -9 PM 2:38
FILED CLERK

        -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY
DEPARTMENT OF CORRECTIONS, P.O
JOHN and JANE DOE 1 through 10, C.O. JOHN and
JANE DOE 1 through 10, all  individually and
in their official capacities (the names John and Jane
Doe being fictitious, as their true names are
presently unknown

MANN, M.J.

                  Defendants,
-----------------------------------------------------------------x

      Plaintiff(s), TIMUR NARMETOV, by his attorney, LAW OFFICES OF HARLAN

GREENBERG, for her complaint alleges as follows:

## NATURE OF CLAIMS

1.      Plaintiff seeks redress pursuant to 42 U.S.C. Section 1983, et seq., for violation of

rights secured by the Fourth Amendment, and by the Equal Protection and Due

Process Clauses of the Fourteenth Amendment to the United States Constitution.

2.      Plaintiffs also seeks redress under Article I, Section 11 of the New York State

Constitution for denial of equal protection, and redress for tortious conduct

against Plaintiffs by defendants through Negligent Detention, Negligence,

Negligent Hiring, Training and Supervision, False Arrest, False Imprisonment,

Imprisonment, Malicious Prosecution, Abuse of Process, and Prima Facie Tort.

3.  Plaintiffs requests a jury trial.

## JURISDICTION

4.  This Court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201, and 2202, to hear and decide these claims for relief. This Court has pendent and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York, pursuant to 28 U.S.C. §1367 (A).

5.  Venue is proper for the United States District Court for the EASTERN District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c ).

## PARTIES

6.  Plaintiff TIMUR NARMETOV, is a citizen of the United States, and resides in the County of Kings, City and State of New York.

7.  Defendants , P.O. JOHN DOE and JANE DOE 1 through 6, are New York City Police Officers, and were employed by the New York City Police Department and upon information and belief were assigned to the 61st Precinct at the time the wrongs were committed against Plaintiff.

8.  Defendants C.O. JOHN and JANE DOE 1 through 10, are New York City Corrections Officers, and were employed by the New York City Department of Corrections, at the time the wrongs were committed against Plaintiff.

9.  At all pertinent times defendants , P.O. JOHN and JANE DOE 1 through 10 and C.O. JOHN and JANE DOE 1 through 10, acted under color of New York State law, and with the express and implied permission and knowledge of defendants, The City of New York (hereinafter "CITY", The New York City Police

Department (hereinafter "NYPD", New York City Department of Corrections, (hereinafter "DOC") and as an employee, were acting within the scope of their employment and in furtherance of the business of The City of New York, and The New York City Police Department and New York City Department of Corrections.  Suit is also brought against defendants P.O. JOHN and JANE DOE 1 through 10 and C.O. JOHN and JANE DOE 1 through 10,  in their individual capacites.

10.      Defendant CITY is a municipal corporation organized under the laws of the State of New York. It operates the NYPD and DOC departments or agencies of defendant City of New York and is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

## PRELIMINARY FACTS

11.      Plaintiff have complied with all conditions precedent to commencing this action and, in particular, on or about January 13, 2014, within ninety (90) days after the claim upon which this action is based. Plaintiffs duly served upon the defendants a Notice of Claim Pursuant to and in full compliance with the provisions of § 50-e of the New York State General Municipal Law.

12.      More than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been rejected or refused the defendants.

13.      This action is being commenced within one (1) year and ninety(90) days after the happening of the event upon which this claim is based.

14.      On March 18, 2014, a statutory hearing and examination of the Plaintiff pursuant

to New York State General Municipal Law § 50-h was conducted by the defendants.

## STATEMENT OF FACTS

15.     Plaintiff TIMUR NARMETOV, was falsely and negligently, arrested, seized, searched, detained, imprisoned, and the subject of a malicious prosecution, and an abuse of process by defendants P.O. JOHN DOE and JANE DOE 1 through 10 and C.O. JOHN and JANE DOE 1 through 10 on or about December 7, 2013, at approximately 2:00 a.m., at/near/inside Coney Island Hospital, located at 2601 Ocean Pkwy, Brooklyn, NY in the County of Kings, City and State of New York. The arrest, seizure, search, and detention by defendants was made without cause or justification. Defendants did intentionally, wilfully and maliciously, wrongfully, unlawfully, negligently, and unjustifiably arrest, seize, search and detain Plaintiff.

16.     On or about December 6, 2013 , at approximately 11:00 p.m., Plaintiff, was stabbed by another individual and transported to Coney Island Hospital. Plaintiff was unconscious for some time. When he awoke he was handcuffed to his hospital bed. One of the officers with him told him that he had a bench warrant. Plaintiff denied that he had a warrant. Shortly thereafter, Plaintiff was medicated and fell asleep. Plaintiff, was then seized, searched, forcibly, unjustifiably, and negligently detained, and arrested by P.O. JOHN DOE and JANE DOE 1 through 10. Plaintiff was then transported into the custody of DOC. Plaintiff, was then seized, searched, forcibly, unjustifiably, and negligently detained, and arrested by C.O. JOHN and JANE DOE 1 through 10.

17.   On or about December 7, 2013, although he had committed no criminal act, any offense, or had a valid bench warrant Plaintiff was seized, searched and detained for a period of time at Coney Island Hospital and various New York City Correctional facilities.

18.   Plaintiff was eventually produced in Kings County Supreme Court, on December 9, 2013, wherein Plaintiff had a pending case.  Plaintiff was immediately released from custody since there was no valid bench warrant in existence.

19.   As a result of the conduct of Defendants intentional and/or negligently and falsely arresting, seizing, searching, detaining, and then maliciously prosecuting and abuse of process proximately caused Plaintiffs serious and permanent physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

20.   All conduct of the defendants herein was gross, willful, wanton, intentional, purposeful, and reckless, negligent and careless.

## FIRST CLAIM FOR RELIEF
## 42U.S.C. 1983

21.   Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "20" of this Complaint as if recited at length herein.

22.   By the aforesaid acts, defendants have violated Plaintiff's right to the equal protection of laws under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 43 U.S.C. 1983.

23.   The conduct and actions of defendants P.O. JOHN DOE and JANE DOE 1

through 10, C.O. JOHN and JANE DOE 1 through 10, and defendant NYC, acting

under color of law, in intentionally and negligently falsely arresting, maliciously

prosecuting and abusing the legal process against, Plaintiff, was done

intentionally, maliciously and/or with a reckless disregard, and negligence, for the

natural and probable consequences of their acts, was done without lawful

justification, and was designed to and did cause specific and serious bodily,

mental and emotional harm, pain and suffering in violation of the Plaintiff's

Constitutional rights as guaranteed under 42 U.S.C. 1983, et seq., deprived the

plaintiff of rights including, but not limited to, his rights under the First

Amendment guaranteeing protection against unlawful seizure of his person, the

Fifth and Fourteenth Amendments guaranteeing due process and equal protection

under the law, and the Eighth Amendment guaranteeing protection from cruel and

unusual punishment, and Title 42 U.S.C. 1983, et seq.

24.     By reason of the Constitutional violations by defendants, Plaintiff has been

damaged as set forth above.

## SECOND CLAIM FOR RELIEF
### New York Constitution Art. I, 11

25.     Plaintiff repeats and realleges every assertion contained in paragraphs "1" through

"24" of this complaint as if recited at length herein.

26.     By the aforesaid acts, defendants have violated Plaintiff's right to the equal

protection of laws under Article I, 11 of the New York State Constitution, thereby

giving rise to cause of action pursuant to that Article.

27.     The conduct and actions of defendant P.O. JOHN DOE and JANE DOE 1 through

10, C.O. JOHN and JANE DOE 1 through 10, and defendant NYC, acting under color of law, in intentionally and/or negligently, falsely arresting, seizing, searching, detaining, and physically assaulting Plaintiff, was done intentionally, maliciously and/or with a reckless disregard and/or negligently for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiff's Constitutional rights as guaranteed under law and Constitution of the State of New York.  The above-described actions and omissions engaged in under color of state law by the defendants, including defendant NYC, sued as a person within the meaning of Article I, 11, deprived the Plaintiff of rights, including but not limited to, his rights under Article I, 8,9 guaranteeing freedom of expression and association, Article I, 12 guaranteeing protection against unlawful seizure of his person, Article I, 11 guaranteeing due process and equal protection under the law, and Article I, 5 guaranteeing protection from cruel and unusual punishment.

28.   By reason of the Constitutional violations by defendants, Plaintiff has been damaged as set forth above.

### THIRD CLAIM FOR RELIEF
### Negligent Hiring, Training and Supervision

29.   Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "28" of this Complaint as if recited at length herein.

30.   The above-described injuries suffered by the Plaintiff is the proximate result of the negligence of the defendant NYCPD, and NYC Department of Corrections, in

that the defendant NYC, NYCPD, NYCDOC failed to exercise reasonable care in the hiring, employment, supervision, and training of its employees.

31.    The defendant NYC, NYCPD, NYCDOC had, or should have had, knowledge of its employees actions including defendants P.O. JOHN DOE and JANE DOE 1 through 10, C.O. JOHN and JANE DOE 1 through 10.  Defendant NYC, NYCPD, and NYCDOC knew or should have known of the unlawful and negligent actions of P.O. JOHN DOE and JANE DOE 1 through 10, C.O. JOHN and JANE DOE 1 through 10  through actual and constructive notice of their unlawful and negligent activities, including, but not limited to those allegations as set forth in paragraphs "15," 16," "17," "18," "19," "20," "21," and "22" above.  Defendants NYC, and NYCPD failed to exercise reasonable care by retaining and not terminating the employment of defendants P.O. JOHN DOE and JANE DOE 1 through 10, C.O. JOHN and JANE DOE 1 through 10 taking other appropriate corrective action. The occurrences complained of herein were due to the negligence and recklessness of the defendant NYC, NYCPD and NYCDOC.

32.    By reason of the tortious conduct of defendants, Plaintiff has been damaged as set forth above.


### FOURTH CLAIM FOR RELIEF
### Malicious Prosecution and Abuse of Process


33.    Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "32" of this Complaint as if recited at length herein.

34.    By the aforesaid acts, defendant have caused physical harm and financial injury

upon the person of Plaintiff.  Defendants acted willfully, unlawfully, maliciously, recklessly, unjustifiably, negligently in the use of malicious prosecution and abuse of process against Plaintiff, through the use of the legal process.

35.   By reason of the tortious conduct of defendants Plaintiffs have been damaged as set forth above.

## FIFTH CLAIM FOR RELIEF
### False Arrest and Imprisonment

36.   Plaintiffs, repeats and realleges every assertion contained in paragraphs "1" through "35" of this Complaint as if recited at length herein.

37.   By the aforesaid acts, defendants have unlawfully and unjustifiably arrested and detained Plaintiff without any lawful cause whatsoever.  Defendant acted willfully, unlawfully, maliciously, recklessly, and negligently in arresting and detaining Plaintiff, despite Plaintiff's innocence, and utilized the criminal justice system to prosecute Plaintiff in order to cover up the unlawful seizure and detention of Plaintiff by P.O. JOHN DOE and JANE DOE 1 through 10, C.O. JOHN and JANE DOE 1 through 10.

38.   By reason of the tortious conduct of defendants, Plaintiff have been damaged as set forth above.

## SIXTH CLAIM FOR RELIEF
### Prima Facie Tort

39.    Plaintiffs repeats and realleges every assertion contained in paragraphs "1"

through "39" of this Complaint as if recited at length herein.

40.    In intentionally and/or negligently falsely arresting, seizing, searching, detaining,

and maliciously prosecuting, and abusing the legal process against Plaintiff,

defendants acted with malicious intent, recklessness, and negligence, to injure and

harm Plaintiff.

41.    By reason of the tortious conduct of defendants, Plaintiff, has been damaged as set

forth above.

42.    For all claims arising under New York State Law, defendants are jointly and

severally liable to the Plaintiffs inasmuch as this action arises out of the

exceptions set forth in 1602 subdivisions 5, 7, and 11 of the Civil Practice Law

and Rules.

WHEREFORE, TIMUR NARMETOV, respectfully requests judgment upon all

causes of action against defendant as follows:

1.    With respect to defendant The City of New York:

(a)    declaratory judgment declaring that defendant NYC has violated the

aforesaid statutes and constitutions;

(b)    Restitution to Plaintiff of her rights, privileges, benefits, legal fees, and

income which would have been received by her but for the defendants' unlawful,

wrongful, tortious, and unconstitutional conduct;

c )    compensatory damages in an amount to be determined by the court and jury;

(d)    punitive damages in an amount to be determined by the court and jury;

(e)    Reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. Section 1998;

(f)    All legal and statutory interest on sums awarded;

(g)    such other and further relief as this honorable court may deem just, proper and equitable.

2.    With respect to defendants P.O. JOHN DOE and JANE DOE 1 through 10, C.O. JOHN and JANE DOE 1 through 10.:

(a)    declaratory judgment declaring that defendant has violated the aforesaid statutes and constitutions;

(b)    restitution to Plaintiffs of his rights, privileges, benefits, legal fees and income which would have been received by him but for defendants' unlawful, wrongful, tortious, and unconstitutional conduct;

(c)    compensatory damages in an amount to be determined by the court and jury;

(d)    punitive damages in an amount to be determined by the court and jury;

(e)    Reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. Section 1998;

(f)    All legal and statutory interest on sums awarded.

DATED:     New York, New York
            December 9, 2014

LAW OFFICES OF HARLAN GREENBERG
By: HARLAN GREENBERG(HG-0295)
Attorney for Plaintiff
20 VESEY STREET, SUITE 1406
NEW YORK, NEW YORK 10007
212-964-0503